OPINION
PER CURIAM.
Richard Nightingale appeals the District Court’s order dismissing his complaint as legally frivolous. For the reasons below, we will affirm.
In his complaint, Nightingale alleged that evidence favorable to his defense in a state court criminal proceeding had been suppressed. As relief, he only requested the opportunity to examine the evidence in the Commonwealth’s possession. The District Court determined that such relief was not available via a complaint filed under 42 U.S.C. § 1983 and that Nightingale could request such relief in a habeas proceeding. Nightingale filed a notice of appeal and a motion for reconsideration which the District Court denied.
We have jurisdiction under 28 U.S.C. § 1291. In Distnct Attorney’s Office for the Third Judicial Dist. v. Osborne, — U.S. -, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009), a state prisoner brought a § 1983 action claiming he had a right to subject evidence used against him to DNA testing. The United States Supreme Court assumed without deciding that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does not bar such a claim under 42 U.S.C. § 1983. However, the Court held that after a person has been convicted, he has a limited liberty interest in postconviction relief.
The question is whether consideration of Osborne’s claim within the framework of the State’s procedures for postconviction relief “offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,” or “transgresses any recognized principle of fundamental fairness in operation.” Federal courts may upset a State’s postconviction relief procedures only if they are fundamentally *152 inadequate to vindicate the substantive rights provided.
Osborne, 129 S.Ct. at 2320 (citations omitted). The Court noted that it was the defendant’s burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief.
In his complaint, Nightingale did not describe the crimes for which he was convicted or explain how the documents he alleged are being withheld are material and favorable to him. He did not describe any attempts he has made to use Pennsylvania post-conviction relief procedures to obtain these documents. He has not sufficiently alleged that the Pennsylvania state court procedures are inadequate to vindicate his rights. Osborne, 129 S.Ct. at 2320.
Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court’s order. See Third Circuit I.O.P. 10.6.